**FARRAND, Appellant, v. STATE MEDICAL BOARD, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4031. Decided December 10, 1947.

Joseph W. Adkins, Circleville, Collis Gundy Lane, Columbus, Richard Huggard, Columbus, for appellant.

Hon. Hugh S. Jenkins, Atty. Genl., and Joseph F. Ford, Asst. Atty. Gen., Columbus, for appellee.

## OPINION

By THE COURT.

Submitted on motion by the appellee for an order dismissing the appeal in this case for the reason that the notice of appeal filed herein recites that said appeal is on questions of law and fact whereas there is no provision in law for appeal on questions of law and fact in this case.

The record discloses that the subject involved in this action is the revocation of the right to practice a limited branch of medicine or surgery under the laws of the state of Ohio. Pursuant to an adjudication hearing had before the appellee State Medical Board, the licenses of the plaintiff to practice chiropractic and mechanotherapy were revoked. This hearing was had pursuant to the provisions of the Administrative Procedure Act, to wit, §154-73 GC. From the action of the State Medical Board in revoking the said licenses the appellant perfected an appeal to the Common Pleas Court of Franklin County which affirmed the decision of the State Medical Board. An appeal on questions of law and fact is only allowed where the action is one in chancery as provided by **Section 6, Article IV of the Constitution of Ohio.**

This is not an action in chancery but it is a purely statutory proceeding.

It will be noted that this section of the Constitution was amended January 1, 1945, but it in no way affected the jurisdiction of this Court. See **Youngstown Municipal Railway v City of Youngstown 147 Oh St 221.**

The motion to dismiss the appeal on law and fact is sustained but under the provisions of §12223-22 GC the cause will be retained for hearing on questions of law and the appellant is granted 30 days from the date of the entry journalizing this decision for the preparation and settlement of a bill of exceptions and the filing of assignment of errors and brief.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.